## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————— )
FELDESMAN TUCKER LEIFER FIDELL, LLP,  )
1129 20th Street N.W., Suite 400             )
Washington, D.C. 20036,                  )
                                       )
        Plaintiff,                )
                                       )
      v.                         )      Case No. _____
                                       )
UNITED STATES DEPARTMENT OF      )
  HEALTH AND HUMAN SERVICES,    )
200 Independence Avenue, S.W.       )
Washington, D.C. 20201               )
                                       )
        Defendant.             )
————————————————————————)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Feldesman Tucker Leifer Fidell, LLP seeks declaratory and injunctive relief to remedy violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by Defendant United States Department of Health and Human Services ("HHS").  Defendant violated FOIA when it (i) improperly withheld the release of its Grants Policy Administration Manual (the "GPAM"), an agency record in its possession, and (ii) failed to respond to Plaintiff's appeal of its determination within twenty working days.  In support of this Complaint, Plaintiff alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

2.      This Court has subject matter jurisdiction over this action pursuant 28 U.S.C. § 1331.

3.      This Court is the proper venue pursuant to 5 U.S.C. § 552(a)(4)(B).

4.      This Court has jurisdiction over this action as Plaintiff exhausted its administrative remedies when Defendant failed to "make a determination with respect to [Plaintiff's] appeal within twenty working days."  5 U.S.C. § 552(a)(6)(A)(ii).  Under FOIA, a requester is "deemed to have exhausted its administrative remedies with respect to [its] request if the agency fails to comply with the applicable time limit provisions of this paragraph."  *Id.* § 552(a)(6)(C)(i); *see also Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62 (D.C. Cir. 1990) (stating that a "requester may bring suit" when an agency fails to comply with FOIA's statutory deadlines for either the initial request or an appeal of an agency's decision to withhold records).

5.      This Court may enjoin an agency from improperly withholding records and order the production of such documents pursuant to 5 U.S.C. § 552(a)(4)(B).

6.      This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

7.      This Court may also grant other equitable relief as the Court may deem just and proper.  *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.").

**PARTIES**

8.      Plaintiff is a law firm organized as a limited liability partnership under the laws of the District of Columbia and conducts business in the District of Columbia.

9.      Defendant is an Executive Agency of the United States of America and is therefore subject to the FOIA statute.  5 U.S.C. §§ 101, 552(f)(1).

2

## STATEMENT OF THE FACTS

*The Grants Policy Administration Manual*

10.    Defendant's Office of Grants Policy, Oversight, and Evaluation ("OGPOE") develops and implements Defendant's financial assistance policies and regulations and "publishes HHS's policy and regulations in the Grants Policy Administration Manual (GPAM), the HHS Grants Policy Statement (GPS), and HHS's Grants Regulations at 45 CFR Part 75." *OGPOE*, https://www.hhs.gov/about/agencies/asfr/ogapa/grants/ogpoe/index.html (last visited Jan. 3, 2019).

11.    Defendant's grant management regulations are publicly available and were promulgated through notice and comment rulemaking.  *See* 45 C.F.R. Part 75.

12.    Defendant's GPS is publicly available on its website.  *See* HHS, GRANTS POLICY STATEMENT (Jan. 1, 2007), *https://www.hhs.gov/sites/default/files/grants/grants/policies-regulations/hhsgps107.pdf* (last visited Jan. 3, 2019).

13.    Defendant's GPAM is a 326-page HHS-wide grant management policy manual that is readily accessible to Defendant's personnel.  *See* Exh. 1 at 2-4 (detailing the nature of the GPAM).

14.    Defendant's GPAM is not publicly available.

15.    Defendant's GPAM is an agency record in Defendant's control that is subject to release under both 5 U.S.C. § 552(a)(2) and § 552(a)(3).

*Plaintiff's FOIA Request*

16.    On May 11, 2018, Plaintiff requested a copy of the GPAM from Defendant's FOIA Office (the "FOIA Request").  *See* Exh. 2.

17.     On May 14, 2018, Defendant acknowledged receipt of the FOIA Request.  *See* Exh. 3.

18.     On October 24, 2018, Defendant emailed Plaintiff a final determination letter denying the FOIA Request and withholding the GPAM in its entirety (the "Denial Letter").  Exh. 4.

19.     Defendant's Denial Letter asserted that it withheld the GPAM pursuant to FOIA Exemptions 2 and 5, specifically invoking the deliberative process privilege with respect to Exemption 5. *Id.*

20.     Neither Exemption 2 nor Exemption 5 applies to the GPAM, nor does the deliberative process privilege.

21.     The Denial Letter stated that Plaintiff may appeal the determination by filing an appeal within ninety days and stated that the appeal may be emailed to hhs.acfo@hhs.gov.  *See id.*; *see also* 45 C.F.R. §§ 5.61, 5.62(b) (permitting electronic submission of FOIA appeals).

22.     On November 29, 2018, Plaintiff timely appealed Defendant's denial to Defendant's Deputy Agency Chief FOIA Officer, Kim Hutchinson, by a letter submitted via email to hhs.acfo@hhs.gov (the "Appeal Letter").  *See* Exh. 1.

23.     In a cover email to its Appeal Letter, Plaintiff requested that Defendant confirm that it had received the Appeal Letter and accompanying enclosures.  *See* Exh. 5.

24.     Defendant did not respond.

25.     On December 4, 2018, Plaintiff again requested that Ms. Hutchinson confirm receipt of the Appeal Letter via email to hhs.acfi@hhs.gov and kim.hutchinson@hhs.gov.  *See* Exh. 6.

26.     Plaintiff immediately received an out-of-office reply from Ms. Hutchinson's email address, kim.hutchinson@hhs.gov, stating that she was "out of the office" and would "return your message when I am back in the office on Thursday, December 6, 2018." Exh. 7.

27.     To date, Plaintiff has not received any response regarding its Appeal Letter.

28.     Electronic submissions of FOIA appeals are considered transmitted, at the latest, the calendar day following their submission. *See* 45 C.F.R. § 5.61.

29.     Treating the Appeal Letter as transmitted to Defendant on November 30, 2018, and accounting for weekends and government closures on the 5th, 24th, and 25th of December 2018 as well as January 1, 2019, FOIA required Defendant to reply to Plaintiff's Appeal Letter by January 3, 2019.  5 U.S.C. § 552(a)(6)(A)(ii).

30.     As of the filing of this Complaint, Defendant has not responded in any manner to Plaintiff's Appeal Letter.

## CAUSES OF ACTION

### Violation of the Freedom of Information Act

31.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 30, above.

32.     Defendant has improperly withheld agency records by failing to produce the GPAM.  *See* 5 U.S.C. § 552(a)(3)(A).

33.     Defendant was required to respond to the Plaintiff's Appeal Letter within twenty working days of receipt and violated the FOIA statute when it failed to do so.  *See Id.* § 552(a)(6)(A)(ii).

34.     Defendant's refusal to release the GPAM harms Plaintiff by unlawfully obstructing Plaintiff's right to this public agency record.

35.     Defendant's failure to release the GPAM and failure to even acknowledge Plaintiff's Appeal letter harmed, and continues to harm, Plaintiff by forcing it to continue to expend resources to obtain a record that Defendant had, and has, a duty to promptly disclose.

## PRAYER FOR RELIEF

**NOW, THEREFORE**, Plaintiff requests that this Court:

A.     Declare that Defendant's decision to withhold the GPAM violates FOIA;

B.     Declare that Defendant's failure to respond to Plaintiff's Appeal within twenty working days violates FOIA;

C.     Order Defendant to produce the GPAM to Plaintiff;

D.     Award Plaintiff its costs and reasonable attorneys' fees in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.     Retain jurisdiction to ensure compliance with the Court's decree and order;

F.     Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Christopher J. Frisina*
Khatereh S. Ghiladi (DC Bar No. 435484)
Scott S. Sheffler (DC Bar No. 1025077)
Christopher J. Frisina (DC Bar No. 1033185)
FELDESMAN TUCKER LEIFER FIDELL LLP
1129 20th Street, N.W., Fourth Floor
Washington, D.C. 20036
(202) 466-8960 (telephone)
(202) 293-8103 (facsimile)
kghiladi@ftlf.com
ssheffler@ftlf.com
cfrisina@ftlf.com

Counsel for Plaintiff